STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          Docket No. CR-00-677

DONALD L. GARBRECHT
LAW LIBRARY

MAR 12 2003

State of Maine

v.                                      Order

Patrick J. Monahan

FILED & ENTERED
SUPERIOR COURT

MAR 0 6 2003

PENOBSCOT COUNTY

Hearing on the state's motion for probation revocation was held on March 4, 2003. The defendant was present at counsel. At the hearing, both parties rested their cases-in-chief, and the court took under advisement two motions to dismiss filed by the defendant and the merits of the motion itself.

In one motion to dismiss, the defendant argues that the probation revocation motion did not adequately allege the grounds for a violation. In fact, the motion alleged that the defendant violated the conditions of probation by committing criminal conduct while on that probation. This alleges a basis for revocation of one's probation, *see* 17-A M.R.S.A. § 1204(1), and further it is sufficient to place the defendant on notice of the general basis for the motion. The motion goes on to allege that the defendant "commit[ted] the new offense of Possession of Child Pornography, on or about 11/13/2002. . . ." The defendant did not seek pre-trial specification of the statute that formed the basis for the motion, and he did not object to the hearing going forward on the basis of lack of notice or uncertainty regarding the issues at hand. In arguing this motion at the hearing, defendant's counsel stated that he assumed that the motion referred to 17 M.R.S.A. § 2924 ("Possession of Sexually Explicit Materials"). The state confirmed that he was correct. As is further demonstrated by the defendant's second motion, he cannot claim that he was surprised by any ambiguity or uncertainty regarding the specific factual basis of the state's motion.

In his second motion, the defendant argues that section 2924 represents an unconstitutional abridgement of his freedom of speech. In support of his argument, he

1

relies on *Ashcroft v. The Free Speech Coalition*, 152 L.Ed.2d 403 (2002). The defendant argues first that the provisions of section 2924(1)(F) are flawed in the same way as the federal statutes that the *Ashcroft* Court found unconstitutional.

Title 17 M.R.S.A. § 2924(1)(F) defines "sexually explicit material" in part as "[c]onduct that creates the appearance of the acts described in paragraphs A to D and also exhibits any uncovered or covered portions of the genitals, anus or pubic area." Paragraphs A to D refer to sexual acts (as defined in the criminal code), bestiality, masturbation and "sadomasochistic abuse for the purpose of sexual stimulation." Section 2924(2) criminalizes the possession of "sexually explicit material if that person [a defendant] knowingly. . .possesses any. . .print. . .or other mechanically reproduced visual material that the person knows or should know depicts another person engaging in sexually explicit conduct, and. . .[t]he other person has not in fact attained the age of 14 years. . . ."

Here, the evidence establishes that the defendant was in possession of visual material that, among other things, depicted boys who appeared to be 8 or 9 years old and who were masturbating, engaging mutual masturbation or engaging in oral sex. Based on the observations made by the investigating officer, the court finds by a preponderance that the subject displayed in these images were in fact under the age of 14. Further, from the detective's testimony, the evidence reveals that the boys in the images were actually engaged in acts of masturbation and oral sex. This case does not implicate the provisions of section 2924(1)(F), which defines "the appearance" of those acts as "sexually explicit conduct" itself. Therefore, the statute challenged here by the defendant is not the basis for the court's finding that he violated probation.

Even if the state's evidence could only be construed as establishing that the boys *appeared* to have been masturbating or engaging in oral sex and that the state's case necessarily rests on section 2924(1)(F), then *Ashcroft* does not vitiate the statutory grounds for the state's motion.[1] *Ashcroft* examined the portions of the Child

---

[1] As a jurisprudential matter, courts do not reach constitutional challenges to a statute unless that analysis is necessary to a decision in the case. *Town of Burlington v. Hospital Administrative District No. 1*, 2001 ME 59, ¶ 19, 769 A.2d 857, 864. Here, the state's proof allows the constitutional issue to be avoided. The brief discussion of *Ashcroft* in this order has meaning only if the court's factual findings are erroneous.

Pornography Prevention Act of 1996 that prohibited any visual depiction that "is, or appears to be, of a minor engaging in sexually explicit conduct." or that "conveys the impression" of a minor engaging in such conduct. 18 U.S.C. §§ 2256(8)(B), (D). However, the federal law also includes another provision that is substantively identical to section 2924(1)(F). Title 18 U.S.C. § 2256(8)(C) prohibited the alteration of depictions of minors so as to make it appear that they are engaged in sexual activity.[2] In essence, this is the same prohibition as is found in section 2924(1)(F), because it consists of actual children displayed in a manner that makes it appear that they are engaged in "sexually explicit conduct" – whether or not they actually were involved in that conduct. In *Ashcroft*, the parties challenging some of the provisions of the federal statute did not extend their challenge to this portion of the law. 152 L.Ed.2d at 416. Thus, *Ashcroft* expressly steered around the issue raised by the defendant at bar.

If the analysis in *Ashcroft* were extended to the type of provision challenged here, it does not sustain an argument that the provision fails. *Ashcroft* reaffirms the established point of law that any child pornography – whether or not it also constitutes obscenity – falls outside of the scope of constitutional protection. 152 L.Ed.2d at 420. When a child is depicted in such material, the permanency of a depiction and its continued circulation cause harm to the child. *Id.* However, as contrasted with "speech that itself is the record of sexual abuse," "[v]irtual child pornography is not intrinsically related to the sexual abuse of children" because in fact no children are sexually abused in order to create virtual child pornography. *Id.* at 421.

Under Maine law, a violation of section 2924 is predicated on the depiction of a person who in fact is younger than 14 (or whom the defendant knows or should know is in fact under that age). *Ashcroft* cannot be seen to proscribe a prohibition against apparent sexually explicit conduct – as long as the person depicted is actually a child – because the depiction of actual sexually explicit conduct can be as harmful as the depiction of apparently sexually explicit conduct. Whether the depiction is of a child who is actually engaged in, for example, bestiality, or it is of a child who only *appears* to

---

[2] Title 18 U.S.C. § 2256(8)(C) defines "child pornography" in part as a "visual depiction [that] has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. . . ."

be engaged in such conduct, the exploitation and damage caused by the sexual abuse of children obtains. Therefore, even if the state's motion must be seen to rest on section 2924(1)(F), that statutory formulation is constitutionally sound.

As part of his second motion, the defendant also challenges the provisions of section 2924(4), which allows a factfinder to infer the age of a person depicted in allegedly sexually explicit material. This does not appear to do anything more than is already permitted under M.R.Evid. 703, which allows non-experts to present opinions regarding matters of common experience. Section 2924(4) simply permits the factfinder to form those conclusions regarding a person's age. This is well within the conventional factfinding function assigned, in this case, to the court. The evidentiary points made by the defendant in his written argument are legitimate factors that may affect the weight that the factfinder chooses to assign to evidence of age. However, under Maine law, circumstantial evidence is not categorically given second-class status relative to direct evidence. *State v. Poulin*, 1997 ME 160, ¶ 15, 697 A.2d 1276, 1280. Therefore, there can be no requirement that the age of depicted persons must be established directly.

Finally, based on the evidence presented at trial, the court finds that the state has established by a preponderance of the evidence that the defendant committed criminal conduct during the period of his probation.

The entry shall be:

For the foregoing reasons, the defendant's motions to dismiss are denied. The court finds that the defendant violated probation. The clerk shall schedule this matter for a dispositional hearing.

Dated: March 5, 2003

_____
Justice, Maine Superior Court

4

ATTORNEY FOR THE DEFENDANT

STEPHEN SMITH ESQ
28 MAIN ST SUITE 1
BANGOR   ME   04404


ATTORNEY FOR THE STATE

MICHAEL ROBERTS DEPUTY D.A.
97 HAMMOND STREET
BANGOR   ME   04401